DUANE MORRIS LLP
ROBERT D. EASSA, State Bar No. 107970
*rdeassa@duanemorris.com*
DELIA A. ISVORANU, State Bar No. 226750
*disvoranu@duanemorris.com*
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
Telephone: 415.957.3093
Facsimile: 415.520.0814

Attorneys for Defendant
CHEVRON U.S.A. INC.,
a Pennsylvania Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| JOANN BRADFORD, LIZA MOSQUERIOLA, JASON ROHRBACH, and BRIAN WHITE, on behalf of herself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON U.S.A., INC., and DOES 1 THROUGH AND INCLUDING 25,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c), [ORIGINAL JURISDICTION]** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

**PLEASE TAKE NOTICE** that Defendant Chevron U.S.A. Inc. ("CUSA") hereby removes this action, currently pending in the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California, San Francisco/Oakland Division. This Court has original/federal-question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1441(a), (c). CUSA further states as follows in support of removal:

**<u>THE REMOVED CASE</u>**

1. On June 7, 2019, Plaintiffs Joanna Bradford, Liza Mosqueriola, Jason Rohrbach,

and Brian White (collectively "Plaintiffs"), purportedly on behalf of themselves and others similarly situated, commenced a civil action against CUSA in the Superior Court of the State of California in and for the County of Contra Costa, Case Number C19-01155 ("Complaint").

2. Plaintiffs' Complaint alleges four causes of action: (1) failure to pay reporting-time pay pursuant to Industrial Welfare Commission Wage Order ("IWC Wage Order") 1-2001, (2) failure to pay all wages earned at termination pursuant to Labor Code §§ 200-203, (3) failure to provide accurate itemized wage statements pursuant to Labor Code §§ 226-226.3), and (4) violation of Business and Professions Code section 17200. All of Plaintiffs' claims are based on their contention that CUSA failed to compensate operators for reporting time relating to "standby shifts" and standby time. (Complaint, ¶¶1-5, 7, 22.) The latter three causes of action are derivative of the first cause of action in that they seek penalties and other relief for CUSA's alleged failure to pay all wages due.

3. The Summons and Complaint, along with the Civil Cover Sheet, Notice of Assignment and Notice of Case Management Conference, were served on CUSA on June 14, 2019. True and correct copies of the Summons and Complaint are attached hereto as Exhibit A. Exhibit A also includes the Notice of Assignment, Civil Case Cover Sheet, and Notice of Case Management Conference. Exhibit A constitutes all process, pleadings, and orders served on CUSA in the State Court Action.

**REMOVAL IS APPROPRIATE AND TIMELY**

4. Removal is appropriate because this Court has original/federal-question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441(a).

5. CUSA was served with the Summons and Complaint on June 14, 2019. This Notice of Removal of Civil Action is filed within the time provided by 28 U.S.C section 1446(b) in that it was filed within 30 days from the date CUSA was served with the pleading setting forth Plaintiffs' claim for relief arising under the Constitution or laws of the United States.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

6. A state court civil action in which there are alleged claims for relief arising under the Constitution and laws of United States may be removed to the United States District Court,

without regard to the amount controversy. 28 U.S.C. §§ 1331, 1441(a). This action is properly removed to this Court pursuant to 28 U.S.C. section 1441(a) in that it is a civil action that raises issues directly implicating questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.S.C section 185 ("LMRA").

7. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this court is the proper District Court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

8. This action arises in Contra Costa County. Thus, assignment in the San Francisco Division or the Oakland Division would be appropriate. Civil Local Rule, rule 3-2(d).

## FEDERAL QUESTION JURISDICTION

9. While CUSA denies all of the allegations in the Complaint, this Court nevertheless has original jurisdiction over this entire action under 28 U.S.C. section 1331 as the issues raised directly implicate questions of federal law, and removal is therefore appropriate under 28 U.S.C. § 1441(a).

10. The LMRA, codified at Title 29 U.S.C. sections 141-187, provides in Section 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Section 301 of the LMRA preempts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 748 (9th Cir. 1993). The "preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993, 997 (9th Cir.1987). This is because "the policy in favor of national uniformity in labor law is so powerful that it displaces state law with respect to claims involving the interpretation or enforcement of [a CBA]." *Associated Builders & Contrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997). Further, the complete preemption doctrine gives effect to the parties' mutual promise to

resolve disputes through the grievance-arbitration process and furthers the strong federal policy that labor disputes "remain firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988).

11. In order to determine whether resolution of a state claim requires interpretation of a collective bargaining agreement, the court must "examin[e] the terms of the agreement, the elements of the [claim] involved, and the facts which defendant may assert in defense." *Moreau v. San Diego Transit Corp*., 210 Cal. App. 3d 614, 624 (1989), relying in part on *Hanks v. General Motors Corp*., 859 F.2d 67, 70 (8th Cir. 1988) (the affirmative defenses must be considered in determining whether resolution of the state law claim requires construing the collective bargaining agreement); accord *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) (determining the scope of Section 301 preemption is not based on how the complaint is framed but on whether the claims can be resolved only by referring to the terms of the collective bargaining agreement). A state law claim, even though not based upon CBA-created rights, is also preempted under section 301 if the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

12. The claims of the union members (putative class), by and through Plaintiffs, can only be adjudicated in connection with the interpretation of the CBA. To the extent Plaintiffs have not specifically pled their claims as inextricably intertwined with the CBA, their attempt to "artfully plead" their claims cannot avoid Section 301 preemption. *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993, 997 (9th Cir. 1987).

13. Plaintiffs' claims are preempted by Section 301 of the LMRA because resolution of the claims will necessarily require interpretation of the collective bargaining agreements ("CBAs") between Chevron Products Company (a division of CUSA), on the one hand, and the United Steelworkers, International Union, AFL-CIO, Local 5 and its predecessor union, the Oil, Chemical and Atomic Workers International Union, AFL-CIO, the unions representing the bargaining unit of which Plaintiffs were and are members. True and correct copies of the relevant CBAs are attached as Exhibits A and B to the Declaration of CUSA's Payroll Team Lead/Human Resources Business

Partner, Hanna Leger ("Leger Decl.") Respectively, these documents are the 2015-2019 Articles of Agreement (Exhibit A) — the principal applicable CBA — and the supplemental letter of agreement entitled "Twelve Hour Shift Letter of Agreement" (Exhibit B), which was incorporated into the 2015-2019 CBA, and will be incorporated into the anticipated 2019-2022 CBA. See Exhibit A at 92 and Leger Decl., ¶6. CUSA and the USW have agreed to Articles of Agreement to be effective February l, 2019 through January 31, 2022, but CUSA and the USW are reviewing the final document and expect to soon execute it. The Articles of Agreement currently under final review are substantially similar to all the sections of the current 2015-2019 CBA. Leger Decl., ¶6.

14. Here, the parties dispute the meaning of "reporting for work." Where a CBA and side letter are required to be interpreted to adjudicate a plaintiff's claims, those claims fall squarely within the preemptive force of Section 301. *See, e.g.*, *Firestone v. S. California Gas Co.*, 219 F.3d 1063, 1064 (disagreement over how to calculate the plaintiff's rate of pay based on complex formula in CBA warranted preemption); *Levy v. Skywalker Sound*, 108 Cal.App.4th 753 (2003) (claim for unpaid wages premised upon side-letter agreement required interpretation of CBA and therefore preempted by Section 301).

15. IWC Wage Order 1-2001, which is the gravamen of Plaintiffs' entire Complaint, depends on whether the employee is required to, and does, "report for work."

16. The at-issue CBAs all have provisions dealing specifically with what constitutes "reporting for work," or words to the same effect. For example, the CBA has its *own* reporting time payment obligation that can be triggered if an employee "report[s] for work" (Exhibit A, Article 7, §3, at 7), but this obligation is coexistent with the employee actually beginning to "start work." (Exhibit A, Article 7, §3, at 8.) Moreover, rehires from layoff also depend on the concept of an employee "report[ing] for duty," which is distinct from merely being "notified" by CUSA of the rehire opportunity. (Exhibit A, Article 8, §7, at 22.) As another example, holiday pay does not accrue if an employee fails to "report for work" on the holiday. (Exhibit A, Article 11, §4(3), at 40.)

17. Because the legal violation depends on an employee "reporting for work," and "reporting for work" has been dealt with multiple times in the contract, including past practice

between CUSA and the unions, there will be a wealth of interpretive material that will have to be consulted, and significant interpretation performed, to determine what "reporting for work" means at CUSA.

18. As just one example, one would look at what past practice circumstances an employee was given "reporting time pay" to determine what conduct constituted "reporting for work" for that purpose, and one would further need to determine whether the CBA language "start work" was part and parcel of "reporting for work" in that regard. One would also look at grievance settlements and arbitration awards related to this issue. One would proceed similarly with layoff recalls and holiday pay, which also contain "reporting for work" or "reporting for duty," which CUSA would argue is to be interpreted the same.

19. The at-issue CBAs also contains specific provisions relating to the "Twelve Hour" standby shifts at issue in this case, including but not limited to the standby-shift process, requirements, schedule, reporting, and Plaintiffs' express agreement that the time is *not* compensable. (Leger Decl., Exhibit B, at I-5, III-6 to III-10.) These provisions will also have to be interpreted to determine whether they modify or illuminate what "report for work" means under the CBAs.

20. Thus, interpreting the CBAs is a necessary and fundamental part of Plaintiffs' claims. All of Plaintiffs' claims are therefore preempted.

## **SUPPLEMENTAL JURISDICTION**

21. As stated above, Plaintiffs' third through fourth causes of action are derivative of the first cause of action, and are therefore likewise subject to this Court's original/federal question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441(a).

22. At a minimum, the Court has supplemental jurisdiction over those derivative claims because they form part of the same case or controversy that is the subject of Plaintiffs' federal claim for unpaid wages. 28 U.S.C. §§ 1367(a), 1441(a); See *City of Chicago v. Int'l Conference of Surgeons*, 522 U.S. 156, 156-159, 165 (1997) (the District Court properly permitted removal and exercised supplemental jurisdiction over plaintiff's state law claims where both plaintiff's state and federal claims derived from "a common nucleus of operative fact"). Specifically, Plaintiffs'

first causes of action for alleged unpaid reporting time is based on CUSA's alleged wrongful policy and practice of failing to compensate operators for time they were allegedly restricted by CUSA relating to standby shifts. Plaintiffs' second through fourth causes of action seek penalties and other relief relating to that primary claim pled in the first cause of action. The claims are therefore derivative. (See Complaint, generally.) Thus, the Court has jurisdiction over all claims in the Complaint, and CUSA has properly removed the State Court Action to this Court.

**ALL REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

23. Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served upon Plaintiffs pursuant to 28 U.S.C. section 1446(d).

24. A copy of this Notice of Removal will be promptly filed with the clerk of the Superior Court of California, County of Contra Costa pursuant to 28 U.S.C. section 1446(d).

25. No previous application has been made for the relief requested herein.

26. The prerequisites for removal under 28 U.S.C. section 1441 have been met. If any question arises as to the propriety of the removal of this action, CUSA respectfully requests an opportunity to present a written brief and oral argument in support of its position that this case is removable.

27. CUSA reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, CUSA hereby removes this action now pending in the Superior Court of the State of California, County of Contra Costa, Case No. C19-01155 to this Honorable Court, and request this Court to retain jurisdiction over the entire matter for all further proceedings.

DATED: July 15, 2019 DUANE MORRIS LLP

By: */s/ Delia A. Isvoranu*
ROBERT D. EASSA
DELIA A. ISVORANU
Attorneys for Defendant
CHEVRON U.S.A. INC.

**PROOF OF SERVICE**
***Joan Bradford, et al. v. Chevron U.S.A. Inc.***
United States District Court, Northern District of California
Case No.

I, the undersigned, declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Market Plaza, Spear Tower, Suite 2200, San Francisco, California 94105-1127.

On the date noted below, I served a copy of the within document(s):

- **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331, 1441(a), (c), [ORIGINAL JURISDICTION]**

by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

**X** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express Overnight for delivery.

by causing said document(s) listed above to be personally delivered to the person(s) set forth below.

**X** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below in the regular course of business. The documents were served electronically and the transmission was reported as complete and without error.

| | |
|---|---|
| Kristina L. Hillman<br>Jannah V. Manansala<br>Alexander S. Nazarov<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Suite 200<br>Alameda, CA 94501<br>Telephone: 510-337.1001<br>Facsimile: 510.337.1023<br>courtnotices@unioncounsel.net<br>khillman@unioncounsel.net<br>jmanansala@unioncounsel.net<br>anazarov@unioncounsel.net | Attorneys for Plaintiffs |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 15, 2019, at San Francisco, California.

/s/
Delia Isvoranu

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2019 JUN -7 P 1:14

CLERK ... SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: D. WEBER, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CHEVRON USA, INC., and DOES 1 THROUGH AND INCLUDING 25

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOANN BRADFORD, LIZA MOSQUERIOLA, JASON ROHRBACH, and BRIAN WHITE on behalf of themselves and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
Contra Costa County, Wakefield Taylor Courthouse
725 Court Street, Martinez, CA 94553

CASE NUMBER: *(Número del Caso):* C19-01155-

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristina L. Hillman/Jannah V. Manansala/Alexander S. Nazarov, Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200, Alameda, CA 94501; Tel.: (510) 337-1001; Fax: (510) 337-1023

DATE: *(Fecha)* JUN 07 2019 Clerk, by *(Secretario)* D. Weber, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: CHEVRON USA, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

BY FAX 4156263111
FIRST LEGAL
200 WEBSTER ST #201
OAKLAND CA 94607

COPY

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA 94553

BRADFORD VS. CHEVRON

MSC19-01155

NOTICE OF ASSIGNMENT TO DEPARTMENT THIRTY-NINE FOR CASE MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 39, Judge E. Weil presiding, for all purposes; Department 39 is designated as the complex litigation department of the Court and as such (a) hears all cases wherein a designation of complex case has been made and (b) conducts hearings, in cases that this court determines, on a preliminary basis may be complex, to determine whether the case should remain in the complex litigation program.

2. All counsel are required to appear in Dept. 39 on 08/09/19 at 8:30 a.m.

(a) If the case has been designated as complex, and no counter-designation has been filed, the Court will hold its first case management conference at that time.

(b) If the case has been assigned to Department 39 on a preliminary basis the Court will hold a hearing to determine if the matter is, or is not, complex. If the matter is determined to be complex, the Court will then proceed with the first case management conference.

3. Each party shall file and serve a Case Management Conference Statement five (5) days before this hearing and be prepared to participate effectively in the Conference, including being thoroughly familiar with the case and able to discuss the suitability of the case for private mediation, arbitration or the use of a special master or referee.

4. Prior to the conference counsel for plaintiff shall meet and confer with counsel for each other party in an effort to precisely define the the issues in the case, discuss the possiblity of early mediation, the identities of possible other parties, and their respective plans for discovery.

5. Until the time of the conference the following INTERIM ORDERS shall be in effect:

A. Plaintiff shall diligently proceed in locating and serving each and every defendant. It is the Court's intention that each party be served in sufficient time to have entered an appearance within the time allowed by law and to attend the first conference.

B. All discovery shall be stayed excepting as all parties to the action might otherwise stipulate or the Court otherwise order.

C. No party shall destroy any writing or other evidence in its possession or under its control which bears in any way upon the matters which are the subject of this litigation.

D. Within the time for any party to file an answer or demurrer such party may alternatively file a notice of general appearance. In such event the time for filing of an answer or demurrer shall be extended to twenty (20) days following the first conference unless the Court shall, at that time, set a different schedule.

E. Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

BY ORDER OF THE COURT

*Superior Court of California, County of Contra Costa*

# UNLIMITED JURISDICTION

# Civil Actions

# PACKET

What you will find in this packet:

- **Interpreter Request** (MC-300e&s)
- **Notice To Plaintiffs** (CV-655a-INFO)
- **Notice To Defendants** (CV-655d-INFO)
- **ADR Case Management Stipulation and Order** (CV-655b)
- **Case Management Statement** (CM-110)
- **Alternative Dispute Resolution (ADR) Information** (CV-655c-INFO)

***You Can Get Court Forms FREE at: www.cc-courts.org/forms***

# Superior Court of California, County of Contra Costa

## Interpreter Request

If you need an interpreter, please complete the form below and submit it to any Filing Window or courtroom.

Case Number: ______________________________

**Case Type:**

☐ Criminal

☐ Traffic

☐ Civil Harassment

☐ Conservatorship

☐ Proceedings to terminate parental rights

☐ Dependent Adult Abuse

☐ Juvenile

☐ Small Claims – ($10,000 or less)

☐ Civil - ☐ $25,000 ☐ over $25,000

☐ Civil – Other ____________________

☐ Family Law

☐ Unlawful Detainer

☐ Guardianship

☐ Elder Abuse

Party Requesting Interpreter: ________________________________________

Is interpreter for a witness? ☐ Yes ☐ No

Phone Number(s) where party can be reached: ______________________________

Date of Hearing: ____________________________ Time of Hearing: ________________

Department: __________ Location: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Language Needed: ☐ Spanish ☐ Mandarin ☐ Cantonese ☐ Vietnamese

☐ Other: ________________________________________

To avoid the risk that your hearing will have to be postponed, please submit this form a minimum of one week in advance.

Current information about this program is available at our website: www.cc-courts.org/interpreter

# Superior Court of California, County of Contra Costa

## Solicitud Para Intérprete

Si necesita un intérprete, favor completar este formulario y presentarlo en cualquier ventanilla para archivar documentos o con la secretaria del tribunal.

Número de Caso:___________________________

**Tipo de Caso:**

- ☐ Criminal
- ☐ Tráfico
- ☐ Acoso Civil
- ☐ Conservador
- ☐ Casos para Terminar Derechos de Madre o Padre
- ☐ Abuso de Adultos Incapacitados
- ☐ Tribual de Menores
- ☐ Demanda Civil – ($10,000 o menos)
- ☐ Demanda Civil - ☐ $25,000 ☐ más de $25,000
- ☐ Civil – otro tipo ________________
- ☐ Casos de Familia
- ☐ Juicio de Desalojo
- ☐ Tutela
- ☐ Abuso de Personas Mayores

Persona que Necesita Intérprete: ______________________________________________

☐ Marque aquí si esta persona es un testigo

Número Telefónico: ______________________________________________________

Fecha de la Audiencia Judicial: ____________________ Hora: ____________________

Departmento: _________ Ciudad: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Idioma Solicitado: ☐ Español ☐ Mandarín ☐ Cantonés ☐ Vietnamita

☐ Otro Idioma: ________________________________

Para evitar la posibilidad que su audiencia sea aplazada, favor the presentar este formulario al menos una semana antes de la fecha de su audiencia.

Información actualizada acerca de este servicio se encuentra en nuestra página web: www.cc-courts.org/interpreter

## Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS

In Unlimited Jurisdiction Civil Actions

**AFTER YOU FILE YOUR COURT CASE:**

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-655d-INFO)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules; Title Three. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

**VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)**

[1] *Health and Safety Code §11470 et seq.*

[2] *Including claims for emotional distress and/or wrongful death.*

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS

In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

a. The Summons
b. The Complaint
c. The Notice of Case Management (shows hearing date and time)
d. Blank: Case Management Statement (Judicial Council Form CM-110)
e. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
f. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

## WHAT DO I DO NOW?

**You must:**

1. **Prepare your response** YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.
2. **Complete the *Case Management Statement* (CM-110)**
3. **File and serve your court papers on time** Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.
4. **Prove you served your court papers on time** by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.
5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.
6. **Consider trying to settle your case before trial** If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.
2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.
3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library** Martinez: (925) 646- 2783 Richmond: (510) 374-3019
- **Ask the Law Librarian:** www.247ref.org/portal/access_law3.cfm

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

______________________________

______________________________
Plaintiff(s) / Cross Plaintiff(s)

vs.

______________________________

______________________________
Defendant(s) / Cross Defendant(s)

***ADR Case Management Stipulation and Order***
***(Unlimited Jurisdiction Civil Cases)***

**CASE NO:** ______________

- ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
- PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE:** EMAIL adrweb@contracosta.courts.ca.gov FAX: (925) 608-2109 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ☐ Mediation (☐ Court-connected ☐ Private)
      ii. ☐ Arbitration (☐ Judicial Arbitration (non-binding) ☐ Private (non-binding) ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date)*: ______________ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date)*: ______________ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery: (☐ Additional page(s) attached)
      i. ☐ Interrogatories to:
      ii. ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv. ☐ Independent Medical Evaluation of:
      v. ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i. ______________________________
      ii. ______________________________
      iii. ______________________________
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: ______________________________

   ______________________________
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

______________________ | ________
Counsel for Plaintiff *(print)* | Fax

______________________
Signature

______________________ | ________
Counsel for Plaintiff *(print)* | Fax

______________________
Signature

______________________ | ________
Counsel for Defendant *(print)* | Fax

______________________
Signature

______________________ | ________
Counsel for Defendant *(print)* | Fax

______________________
Signature

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for ______________ is vacated and rescheduled for ____________ at (8:30 a.m. / ________ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

**Dated:** ______________________ ______________________
**Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** <br> STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME: | |
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | |
| **CASE MANAGEMENT STATEMENT** <br> *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by *(name):***

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CONTRA COSTA COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**JUDICIAL ARBITRATION** (non-binding)
In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

**PRIVATE ARBITRATION** (non-binding and binding)
Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

**SETTLEMENT MENTOR CONFERENCE**
Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

**NEUTRAL CASE EVALUATION**
In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

**TEMPORARY JUDGE**

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

**SPECIAL MASTER**

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

**COMMUNITY MEDIATION SERVICES**

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kristina L. Hillman/Jannah V. Manansala/Alexander S. Nazarov
State Bar Nos. 208599/249376/304922 Email: jmanansala@unioncounsel.net
WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200, Alameda, CA 94501
TELEPHONE NO.: (510) 337-1001 FAX NO.: (510) 337-1023
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

FILED
2019 JUN -7 P [illegible]
[illegible] SUPERIOR COURT [illegible] CA
BY [illegible] DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Joann Bradford, et al. v. Chevron USA, Inc., et al.

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: C19-01155-
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 4
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 6, 2019
JANNAH V. MANANSALA
(TYPE OR PRINT NAME)

Jannah Manansala
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX 4156263111
FIRST LEGAL
200 WEBSTER ST #201
OAKLAND CA 94607

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





COPY

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

COPY

KRISTINA L. HILLMAN, Bar No. 208599
JANNAH V. MANANSALA, Bar No. 249376
ALEXANDER S. NAZAROV, Bar No. 304922
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: courtnotices@unioncounsel.net
khillman@unioncounsel.net
jmanansala@unioncounsel.net
anazarov@unioncounsel.net

Attorneys for Plaintiffs JOANN BRADFORD, LIZA MOSQUERIOLA, JASON ROHRBACH, and BRIAN WHITE

FILED
2019 JUN -7 P 1:14
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: D. WEBER, DEPUTY CLERK

PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 39 FOR ALL PURPOSES.

BY FAX 4156263111
FIRST LEGAL
200 WEBSTER ST #201
OAKLAND CA 94607

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JOANN BRADFORD, LIZA MOSQUERIOLA, JASON ROHRBACH, and BRIAN WHITE on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHEVRON USA, INC., and DOES 1 THROUGH AND INCLUDING 25,<br><br>Defendants. | Case No. C19-01155-<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure To Pay Reporting Time Pay (IWC Wage Order No. 1-2001);<br>2. Failure To Pay All Wages Earned At Termination (Labor Code §§ 200-203);<br>3. Failure To Provide Accurate Itemized Wage Statements (Labor Code §§ 226-226.3);<br>4. Violations of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

COMES NOW, PLAINTIFFS JOANN BRADFORD, LIZA MOSQUERIOLA, JASON ROHRBACH, and BRIAN WHITE ("Plaintiffs"), on behalf of themselves and a class of all others similarly situated as defined herein (the "Class"), allege on knowledge as to themselves and otherwise on information and belief, as follows:

## NATURE OF ACTION

1. This class action on behalf of operators at the refinery of Defendant Chevron USA, Inc. ("Chevron") in Richmond, California challenges a form of wage theft—the practice of scheduling refinery operators for mandatory "standby" shifts but failing to pay required reporting time pay. Standby shifts require operators to be available for work at the refinery just like regular shifts, but differ from regular shifts in that operators must wait to be contacted by their employer within an unreasonably short time before the start of the scheduled standby shift to find out whether they actually need to work the standby shift.

2. Chevron requires its operators at its refinery in Richmond, California to work regular 12-hour shifts. In addition to their regular 12-hour shifts, operators at Chevron's Richmond refinery must regularly be available for designated 12-hour standby shifts twice a day.

3. Chevron requires operators at its Richmond factory to be at the ready to receive calls during two 1.5-hour time periods when assigned to cover standby shifts, which commence 1 hour prior to the start of the scheduled standby shift and end 30 minutes after the standby shift has started. If an operator cannot be reached during these 1.5-hour time periods, the operator is considered absent without leave and is subject to disciplinary action. If an operator is asked to work the scheduled standby shift during one of the 1.5-hour time periods, the operator must report for duties at the refinery in Richmond within a time period not to exceed 2 hours. If an operator is not contacted at all during these 1.5-hour time periods, the operator is not compensated at all by Chevron, although the operator's activities have been significantly constrained.

4. These standby shifts impose tremendous costs on employees. Because Chevron requires operators to be available for standby shifts, operators cannot commit to other activities such as, for example, other jobs or classes during those scheduled standby shifts and the period that commences prior to the standby shifts during which they must be at the ready to receive a



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

call and come into the worksite if asked. If operators have children or care for elders, they must make contingent childcare or elder care arrangements. They also cannot commit to social plans with friends or family.

5. Further, because Chevron operators at its Richmond refinery must wait to be called 1 hour prior to the start of each of the two scheduled standby shifts, they are inconvenienced not only for the periods of the scheduled standby shifts they must cover, but also for the 1-hour time periods before the standby shifts commence. During the time period operators must be at the ready to answer a call starting 1 hour prior to a scheduled standby shift, they cannot do things incompatible with answering a phone call, such as sleeping, taking a class, going camping, or being at any location without cell service including, for example, elevators and numerous rural areas.

6. Even if Chevron does not ultimately call an employee asked to cover standby shifts and does not require the employee to work a standby shift, the employee has still suffered tremendous inconvenience and has forgone the opportunity to take other work that could have been scheduled for the day or evening, take a class, go camping in an area with limited cell reception, and make out-of-town plans, amongst other restrictions.

7. In short, the requirement of having to be at the ready for standby shifts twice a day and arrive at work within 2 hours of a call they must answer significantly limit employees' ability to earn other income, take classes, care for dependent family members, and enjoy time for recreation.

8. Pursuant to Wage Order 1-2001, an employee is entitled to reporting time pay when he or she "is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work." The amount of reporting time pay that must be paid "is half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay...."

9. Notwithstanding Chevron's standby shift policy, Chevron compensates operators only when actually required to work during the standby shift. Chevron does not credit its operators at its Richmond, California refinery for "reporting to work" when the employee is



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

scheduled for a standby shift and is not told that they have to work during the standby shift. These practices have resulted, and continue to result, in Chevron not paying its employees required reporting time pay.

## PARTIES

10. Plaintiff Joann Bradford is a citizen of the State of California, currently residing in the County of Solano. She works as an operator at Chevron's Richmond refinery.

11. Plaintiff Liza Mosqueriola is a citizen of the State of California, currently residing in the County of Bell, State of Texas. She formerly worked as an operator at Chevron's Richmond refinery.

12. Plaintiff Jason Rohrbach is a citizen of the State of California, currently residing in the County of Contra Costa. He works as an operator at Chevron's Richmond refinery.

13. Plaintiff Brian White is a citizen of the State of California, currently residing in the County of Alameda. He works as an operator at Chevron's Richmond refinery.

14. Chevron is a Delaware corporation doing business in California and is a "person" as defined by California Labor Code section 18 and by California Business and Professions Code section 17201. Chevron is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Chevron's headquarters is in San Ramon, California.

15. The true names and capacities of defendants DOES 1 through 25, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 25, inclusive, when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as DOE is negligently, wantonly, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately and legally caused injuries and damages to Plaintiffs and the Class as herein alleged.

16. Plaintiffs are also informed and believe and thereon allege that DOES 1 to 25, at all relevant times herein, were the agents, principals, and/or alter egos of Chevron and that they

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

are therefore liable for the acts and omissions of Chevron.

17. At all times pertinent hereto, each of the said DOE defendants participated in the doing of acts hereinafter alleged to have been done by Chevron and, furthermore, were the agents, servants, and/ or employees of Chevron, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action as the claims involve alleged violations of California law.

19. Venue is appropriate in the County of Contra Costa, and this Court has personal jurisdiction over Chevron by reason of the facts that (a) Chevron is a citizen of the State of California; (b) Chevron has transacted and conducted substantial business in the State of California and in the County of Contra Costa; (c) the acts alleged herein occurred in the State of California, including in the County of Contra Costa; (d) Plaintiffs' injury occurred in the State of California and the County of Contra Costa; and (e) the events giving rise to the claims at issue in this lawsuit arose in within the County of Contra Costa in California.

## CALIFORNIA'S REPORTING TIME PAY REQUIREMENT

20. Pursuant to its authority under Labor Code section 1173, the Industrial Welfare Commission promulgated Wage Order 1-2001. Wage Order 1-2001 applies to Chevron's refinery in Richmond, California.

21. Wage Order 1-2001 mandates that employees be paid reporting time pay as follows: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

22. Unpredictable work schedules take a toll on employees. Without the security of a definite work schedule, workers who must be "on-call" or on "standby" are forced to make childcare arrangements, elder-care arrangements, encounter obstacles in pursuing their education,



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

experience adverse financial effects, and deal with stress and strain on their family life. The "on-call" or "standby" shifts also interfere with employees' ability to obtain supplemental employment in order to ensure financial security for their families.

## FACTS SPECIFIC TO PLAINTIFFS

23. Plaintiffs have worked and continue to work as operators at Chevron's refinery in Richmond, California. During the course of their employment, Plaintiffs were asked to cover designated, 12-hour standby shifts twice a day. When assigned to cover standby, Plaintiffs and other operators had to be at the ready to receive a call for the period 30 minutes prior to the start of a standby shift until one hour after the standby shift commenced. Chevron considered Plaintiffs and the other operators at its Richmond refinery as absent without leave and subjected them to discipline if they failed to answer a call during this time period. Chevron expected Plaintiffs and other operators at its Richmond refinery to arrive at work no less than two hours later if called and asked to cover a standby shift. During their employment with Chevron, Plaintiffs have frequently been scheduled to cover standby shifts, which always involved a scheduled start times and set scheduled ending times.

24. Unless Plaintiffs or other operators were asked to work a standby shift, Chevron did not provide them with any compensation, including reporting time pay.

## CLASS ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves and the following ascertainable class of similarly situated persons: All operators working at the refinery of Chevron USA, Inc. in Richmond, California at any time from four years prior to the filing of this complaint up to and continuing until the time that judgment is entered in this case (the "Class").

26. This class action is brought pursuant to California Code of Civil Procedure § 382. Plaintiffs reserve the right to modify the description of the Class and to later designate subclasses based on the results of discovery or otherwise.

27. **Numerosity:** The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number and identities of the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

members of the Class are presently unknown, there are at least more than 100 members of the Class.

28. **Ascertainability:** The identities of the members of the Class are readily ascertainable by review of Chevron's records, including, but not limited to, payroll records, timekeeping records, schedules, and other documents and other business records that Chevron is required by law to maintain.

29. **Commonality/Predominance:** There are predominant common questions of law and fact and a coherent community of interest amongst Plaintiffs and the claims of the Class, concerning Chevron's treatment of them, including but not limited to:

a. Whether the reporting time pay requirement that an employee "report for work" requires that Plaintiffs and the Class physically report for work.

b. Whether Chevron's requirements that its operators (1) be at the ready to receive a call or face discipline during two 1.5 hour time periods that commence an hour before two separate standby shifts and ends a half hour after the shifts' start time, and (2) arrive at work within two hours if asked to work a standby shift triggers California's reporting time pay obligations.

c. Whether Chevron's requirements that its operators (1) be at the ready to receive a call during 1.5 hour time periods that commence an hour before each standby shift starts and ends a half hour after that shift start time twice a day when on standby coverage and (2) arrive at work within two hours if asked to work the standby shift and (3) be subject to discipline if they fail to satisfy either requirement violates California policy as expressed by the state legislature's enactment of Labor Code sec. 96(k) prohibiting discipline for employees engaging in lawful off duty conduct.

d. Whether Chevron violated and continues to violate Wage Order 1-2001.

e. Whether Chevron violated Labor Code sections 200-203.

f. Whether Chevron violated Labor Code sections 226, 226.3.

g. Whether Chevron violated Cal. Bus & Professions Code section 17200.



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

30. **Typicality:** Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class sustained damages arising out of the same policies, procedures, and/or business practices of Chevron.

31. **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who has substantial experience in prosecuting complex wage and hour class action claims.

32. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the Class is impracticable. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damage suffered by each individual of the Class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Moreover, an important public benefit will be realized by addressing the matter as a class action. The cost to the court system of adjudication of such individual litigation would be substantial. Individual litigation would also present the potential for inconsistent or contradictory judgments. Adjudication of individual Class members' claims with respect to Chevron would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede the ability of other individual members of the Class to protect their interests.

33. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class proceeding.

**FIRST CAUSE OF ACTION**
**FOR FAILURE TO PAY REPORTING TIME PAY**
**(IWC Wage Order No. 1-2001)**
**(By Plaintiffs on Behalf of Themselves and the Class Against Chevron and DOES 1 Through 25)**

34. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the preceding paragraphs of this complaint as though set forth in full at this point.

35. Wage Order 1-2001 provides that "[e]ach workday an employee is required to



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

report for work and does report, but is not put to, work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

36. As set forth herein, Chevron scheduled Plaintiffs and the Class for standby shifts that required them to be at the ready to receive a call, starting from an hour prior to the scheduled start time of a standby shift to a half hour after the schedule start time of such shift and face discipline if they did not answer such call. Chevron also required Plaintiffs and the Class to arrive at work within two hours if asked during this 1.5-hour period to work the scheduled standby shift. Failure to answer a call or arrive at work within the time frame subjected Plaintiffs and the Class to discipline.

37. Chevron has failed to pay required reporting time pay to Plaintiff and the Class, as Plaintiff and the Class were not paid reporting time pay or any compensation for having to be at the ready to work a standby shift. Chevron compensated only operators asked to come to work and work the standby shift.

38. As a direct and proximate result of Chevron's actions as set forth herein, Plaintiffs and the Class have been damaged in that Plaintiffs and the Class have not been paid all required reporting time pay.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES EARNED AT TERMINATION
## (Labor Code § 200 - 203)
## (By Plaintiff Liza Mosqueriola on Behalf of Herself and the Class Against Chevron and DOES 1 Through 25)

39. Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein.

40. Labor Code sections 201 and 202 require that Chevron pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

41. Members of the Class who have separated from Chevron's employment were not paid required reporting time pay within 24 hours after a discharge, or 72 hours after a resignation, as applicable.

42. Chevron's failure to pay required reporting time pay upon termination was willful.

43. As a direct and proximate result of Chevron's willful conduct in not paying members of the Class all earned wages at the time their employment with Chevron ended, each member of the Class whose employment with Chevron ended is entitled to 30 days' wages as a penalty under Labor Code section 203.

## THIRD CAUSE OF ACTION
## FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
## (Labor Code §§ 226, 226.3)
## (By Plaintiffs and the Class Against Chevron and DOES 1 Through 25)

44. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference all prior paragraphs as if fully set forth herein.

45. Pursuant to the Labor Code and the applicable Wage Order, employers must provide accurate itemized wage statements at the time employees are paid, showing accurate information for such things as total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, etc.

46. Plaintiffs and the Class were not provided with accurate itemized wage statements, as required by law. The wage statements provided did not accurately include correct numbers for total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, and other information required by law. Reporting time pay was not accurately reported on the wage statements.

47. Plaintiffs and the Class could not easily and promptly determine from their wage statements that they had been properly paid. Reporting time pay was not accurately reported or calculated, such that no calculations could be performed to derive the accurate times, rates, and pay that should have been part of their compensation. The information to make such determinations could not be readily ascertained by the wage statement, standing alone, or without reference to other documents or information.



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

48. As a result of Chevron's failure to provide accurate itemized wage statements as required by law, Plaintiffs and the Class have been injured in the manner set forth in the Labor Code.

49. Plaintiff and the Class are entitled to the penalties set forth at Labor Code section 226(e) and/or 226.3 and/or the applicable wage order, to injunctive relief to ensure compliance with the law, to costs of suit, and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against Chevron and DOES 1 Through 25)**

50. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully set forth herein.

51. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair, or fraudulent business act or practice.

52. The actions of Chevron, as herein alleged, amount to conduct which is unlawful and a violation of law. As such, said conduct constitutes an unlawful business practice, in violation of Bus. & Prof. Code sections 17200 *et seq*.

53. The actions of Chevron, as herein alleged, offend established public policy and constitute an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

54. Chevron's conduct as herein alleged has damaged Plaintiffs and other operators by denying them wages earned, due and payable. Plaintiffs and other operators have thus suffered injury in fact and loss of money. Under section 17200 Plaintiffs seek restitution of all monies not paid to them and other operators at Chevron's Richmond, California by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the Class, pray for judgment against Chevron as follows:

A. For an order certifying the proposed Class;

B. For the attorneys appearing on the above caption to be named class counsel and for



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Plaintiffs to be appointed class representatives;

C. For compensatory damages in an amount according to proof with interest thereon;

D. For economic and/or special damages in an amount according to proof with interest thereon;

E. For payment of unpaid wages in accordance with California labor and employment law;

F. For payment of penalties in accordance with California law;

G. For Chevron to be found to have engaged in unfair and/or unlawful competition in violation of Bus. & Prof. Code sections 17200, *et seq*.;

H. For Chevron to be ordered and enjoined to make restitution to Plaintiffs and the Class, including restitutionary disgorgement, pursuant to Business and Professions Code sections 17200 *et seq*.;

I. For interest, attorneys' fees, and costs of suit under Labor Code sections 226 and 1194 and Code of Civil Procedure section1021.5 and other applicable code sections; and

J. For all such other and further relief that the Court may deem just and proper.

Dated: June 6, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: Jannah Manansala
JANNAH V. MANANSALA

Attorneys for Plaintiffs JOANN BRADFORD, LIZA MOSQUERIOLA, JASON ROHRBACH, and BRIAN WHITE

147731\1029281



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: June 6, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: JANNAH V. MANANSALA

Attorneys for Plaintiffs JOANN BRADFORD, LIZA MOSQUERIOLA, JASON ROHRBACH, and BRIAN WHITE



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001